UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AF HOLDINGS LLC,                /
                                /
        Plaintiff,              /
    v.                          /         Case No. 12-cv-14442
                                /
MATTHEW CICCONE,                /         Honorable Gershwin A. Drain
                                /
        Defendant,              /
_____/_____

JONATHAN W. TAPPAN (P72195)              BERNARD J. FUHS (P69621)
Jonathan W. Tappan, PLLC                 Butzel Long, a Professional Corporation
2549 Somerset Blvd. #102                 150 West Jefferson, Suite 100
Troy, MI 48084                           Detroit, MI 48226
Phone: (415) 325-5900                    Phone: (313) 225-7044
Email: tappanj@comcast.net               Email: fuhs@butzel.com

Attorney for Plaintiff                   Attorney for Defendant
_____

## STIPULATED MOTION FOR EXPEDITED DISCOVERY

Plaintiff AF Holdings LLC ("Plaintiff") and Defendant Matthew Ciccone ("Defendant"), by and through their undersigned counsel, hereby file this Stipulated Motion for Expedited Discovery requesting that the Court allow for the expedited discovery relating to the IP addresses on Exhibit A attached hereto to take place prior to the parties' Rule 26(f) conference in this case.

Dated:  November 13, 2012

 /s/ Jonathon W. Tappan_____          /s/ Bernard J. Fuhs_____
JONATHAN W. TAPPAN (P72195)              BERNARD J. FUHS (P69621)
Jonathan W. Tappan, PLLC                 Butzel Long, a Professional Corporation
2549 Somerset Blvd. #102                 150 West Jefferson, Suite 100
Troy, MI 48084                           Detroit, MI 48226
Phone: (415) 325-5900                    Phone: (313) 225-7044
Email: tappanj@comcast.net               Email: fuhs@butzel.com

Attorney for Plaintiff                   Attorney for Defendant

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AF HOLDINGS LLC, | / | |
| | / | |
| Plaintiff, | / | |
| v. | / | Case No. 12-cv-14442 |
| | / | |
| MATTHEW CICCONE, | / | Honorable Gershwin A. Drain |
| | / | |
| Defendant, | / | |
| _____ | / _____ | |

JONATHAN W. TAPPAN (P72195)  BERNARD J. FUHS (P69621)
Jonathan W. Tappan, PLLC  Butzel Long, a Professional Corporation
2549 Somerset Blvd. #102  150 West Jefferson, Suite 100
Troy, MI 48084  Detroit, MI 48226
Phone: (415) 325-5900  Phone: (313) 225-7044
Email: tappanj@comcast.net  Email: fuhs@butzel.com

Attorney for Plaintiff  Attorney for Defendant

_____

**BRIEF SUPPORTING STIPULATED MOTION FOR EXPEDITED DISCOVERY**

**INTRODUCTION**

Plaintiff AF Holdings LLC ("Plaintiff") and Defendant Matthew Ciccone ("Defendant"), by and through their undersigned counsel, hereby file this Stipulated Motion for Expedited Discovery, requesting that the Court allow for expedited discovery relating to the IP addresses on Exhibit A attached hereto to take place prior to the parties' Rule 26(f) conference in this case. Plaintiff believes that it is not only in the best interests of the parties to allow for such discovery, but in the Court's interest as well. In so allowing, Plaintiff believes that such discovery, as detailed below, will lead to a just and speedy final resolution of the matters alleged in the Complaint. (ECF No. 1).

2

**LEGAL STANDARD**

Although there is no binding Sixth Circuit authority on whether or not expedited discovery prior to the Rule 26(f) is allowed in certain instances, a multitude of unpublished decisions in this circuit have applied a good cause standard in determining this issue. *See, e.g., Giltnane v. Tennessee Valley Auth.*, Case No. 3:09-cv-14, 2009 U.S. Dist. LEXIS 6734, 2009 WL 230594 (E.D.Tenn. Jan. 30, 2009); *Artista Records, LLC v. Does 1-4*, Case No. 1:07-cv-1115, 2007 U.S. Dist. LEXIS 85652, 2007 WL 4178641 (W.D.Mich Nov. 20, 2007; *Whitfield v. Hochfield*, Case No. C1-02-218, 2002 U.S. Dist. LEXIS 12661 (S.D.Ohio July 2, 2002). That "good cause" standard was defined in *Semitool, Inc. v. Tokyo Electron Am., Inc*.: "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." 208 F.R.D. 273, 276 (N.D.Cal. 2002). Courts commonly find it "in the interests of justice" to allow accelerated discovery to identify doe defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[T]he district court erred in dismissing [Plaintiff's] complaint against Doe simply because [Plaintiff] was not aware of Doe's identity at the time he filed the complaint."); *Equidyne Corp. v. Does 1–21*, 279 F. Supp. 2d 481, 483 (D. Del. 2003) (granting expedited discovery motion to allow the plaintiff to identify unknown defendants). In infringement cases, good cause is often found where evidence may be lost or destroyed with time. *See, e.g., id.; Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc*. 213 F.R.D. 418, 419 (D.Colo. 2003).

The general scope of discovery is defined by Fed. R. Civ. P. 26(b)(1) as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the

3

action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(d), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempt from disclosure under Rule 26(a)(1)(B), or when authorized by these rule, *by stipulation, or by court order*." (Emphasis added). Pursuant to Rule 29, "Unless the court orders otherwise, the parties may stipulate that:… (b) other procedures governing or limiting discovery may be modified…" Ultimately, the trial court retains broad discretion in establishing the timing of discovery, and wide authority where justice permits. Fed.R.Civ.P. 26(d)(2).

## DISCUSSION

The request here clearly meets the *Semitool* balancing test standard. First, both parties stipulate to the expedited discovery that Plaintiff seeks. Allowing this limited discovery on an expedited basis would allow for a just and speedy resolution of this matter. Specifically, Plaintiff's Complaint alleges, among other things, that

> 22. Defendant, using IP ["Internet Protocol"] address 68.41.29.56, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video [i.e. Sexual Obsession] to numerous third parties.
>
> 38. Defendant has used, and continues to use, the BitTorrent file transfer protocol to unlawfully distribute the Video to other individuals over the Internet by publishing the Video to hundreds of thousands of BitTorrent users from a computer owned or controlled by Defendant, which, in essence, served as a distribution server for the Video. In doing so, Defendant violated Plaintiff's exclusive rights to distribute the Video.
>
> 47. Defendant published the Hash Tag to the BitTorrent network.

>48. Defendant downloaded, uploaded and distributed the Video to other BitTorrent users through use of the hash-specified protocol in the unique swarm.
>
>49. As each of the thousands of people who illegally downloaded the movie accessed this illegal publication, they derived portions of their illegal replication of the file from multiple persons, including, but not limited to, Defendant.

(ECF No. 1 at ¶¶ 22, 38, 47-49).

Defendant denies these allegations. However, in an effort to resolve this litigation and avoid further time and cost intensive litigation, Defendant is willing to stipulate the limited expedited discovery that Plaintiff seeks. The discovery of the identities of the other alleged participants in the BitTorrent swarm that Plaintiff alleges that Defendant was a member of, and allegedly passing back and forth pieces of Plaintiff's Video with, would allow Plaintiff to determine whether such sharing in fact occurred. This would allow for a quick and speedy resolution of this case without further judicial intervention.

From Plaintiff's perspective, the members of Defendant's alleged BitTorrent swarm are not random people. They are individuals who are alleged to have participated in a BitTorrent swarm with Defendant. By alleging contributory infringement, Plaintiff is alleging that all of these individuals—including Defendant—who were allegedly in this BitTorrent swarm with Defendant contributed to one another's infringement of Plaintiff's copyrighted work. Plaintiff alleged claims of direct infringement and contributory infringement. In order to prove such, Plaintiff must get the identities and be granted leave to discover actual information from these individuals—i.e. records from their computer hard drives—in order to determine whether this sharing in fact occurred. The individuals whose IP addresses were allegedly in the BitTorrent swarm with Defendant possess a wealth of perishable information that is central to Plaintiff's case. For example, Plaintiff has alleged, "Defendant has used, and continues to use, the

BitTorrent file transfer protocol to unlawfully distribute the Video to other individuals over the Internet by publishing the Video to hundreds of thousands of BitTorrent users…" (ECF No. 1 at ¶ 38). To prove its claim, Plaintiff must map the flow of data from Defendant to other swarm participants. Unless this Court is prepared to rule as a matter of law that mere coexistence in a BitTorrent swarm constitutes contributory infringement with respect to all other swarm participants, Plaintiff needs information that goes to the interconnections among the swarm members.

Plaintiff does not have this information. Nor is this information obtainable without reference to the swarm members' computers. (*See* Declaration of Peter Hansmeier ¶ 18, attached hereto as Exhibit B). Although Plaintiff has exhaustive information about who was in the swarm, it does not have information about the interconnections among swarm members. (*Id.*) The only way that Plaintiff can comprehensively map the interconnections among swarm members—and thus prove, for example, its contributory infringement claim—is by reference to log files on the swarm members' computers. (*Id.* ¶¶ 18, 19.)

Defendant's computer may yield evidence that is necessary, but not sufficient for Plaintiff to prove its case. By reference to the log files on Defendant's computer, Plaintiff will be able to determine what swarm members, if any, Defendant allegedly distributed pieces of Plaintiff's work to. (*Id.* ¶ 19.) However, Plaintiff will *not* be able to determine who those swarm members redistributed the pieces to, and track further redistributions.

Thus, the identities of Defendant's fellow swarm members are highly relevant. Only by learning their identities will Plaintiff be able to access their log files. Once Plaintiff accesses their log files, it will be able to determine whether or not Defendant contributed to a given swarm member's infringement. Regardless of the result, this information is plainly relevant.

Third, Plaintiff's need clearly outweighs any hardship to the Internet Service Provider ("ISP"). Plaintiff has agreed to cover any and all costs necessary to the ISPs in producing such information. Typically, producing subpoenaed information is a common part of an ISP's business—in fact, most ISPs have an entire department devoted to such. (*See* Declaration of Peter Hansmeier ¶ 21.)

Fourth, ISPs typically retain user activity logs containing the information sought by Plaintiff for only a limited period of time before erasing the data. (*Id.* ¶ 25.) ISPs have retention policies in which they regularly destroy subscriber data after a set period of time—generally weeks or months. (*Id.*) The data retained by the ISPs in this case is on the verge of permanent destruction. (*Id.*) When this information is erased, the parties will have no ability to identify the potential contributory infringers in this matter, and thus will not be able to obtain the necessary information described above. (*Id.* ¶ 24.) Federal courts have not hesitated to grant motions for expedited discovery under similar circumstances, where physical evidence—in this case, ISP logs—could be consumed or destroyed with the passage of time. *E.g.*, *UMG Recordings, Inc. v. John Doe*, No. 08-1193, 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. 2008) ("In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and *there is a risk an ISP will destroy its logs prior to the conference* . . . . This is because, in considering 'the administration of justice,' early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation." (emphasis added)); *Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at \*4, 10 (E.D. Va. Dec. 5, 2003) (granting expedited discovery and finding unusual conditions that

7

would likely prejudice plaintiff where "electronic evidence is at issue" because "electronic evidence can easily be erased and manipulated"); *see also, e.g.*, *Arista Records LLC v. Does 1–7*, No. 3:08-CV-18, 2008 WL 542709, at *1 (M.D. Ga. Feb 25, 2008) (granting because "time is of the essence" and ISP logs are essential to plaintiffs' "ability to pursue their claims"); *Interscope Records v. Does 1–14*, No. 07-4107-RD, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (granting immediate discovery from ISPs because "the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs"); *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting emergency motion for expedited discovery where "[f]urther passage of time . . . makes discovery . . . unusually difficult or impossible").

Lastly, Per Rule 26(d), agreements on discovery are valid "when authorized by these rules, *by stipulation, or by court order*." The Court may conclude that no Court order is hereby required under the rules. This is not the case. No ISP will give Plaintiff the necessary discovery needed in this matter (i.e. the identity of their subscribers linked to specific IP address at certain times and dates), without a Court order. (*See* Declaration of Peter Hansmeier ¶ 21.) As the Court can imagine, such information is carefully guarded by these third-party ISPs, and only presented to a requested party once a Court officially authorizes such action. Thus, a Court order giving the parties what they request is, in fact, necessary here.

## CONCLUSION

For the foregoing reasons, both parties respectfully request that the Court allow Plaintiff to subpoena each ISP identified in the Exhibit A form attached hereto, and allow Plaintiff to discover the name, address, telephone number, email, and MAC address of each of the subscribers listed on Exhibit A. This would potentially allow Plaintiff to conduct discovery as to

whether those subscribers, with whom Defendant may have collaborated in downloading and uploading Plaintiff's Video, were in fact contributory infringers of Defendant in this case. This would potentially allow Defendant to show that he in fact did not commit the acts alleged in Plaintiff's Complaint, or, at the very least, to identify the contributory infringers that should be held joint and severally liable.

Dated: November 13, 2012

| | |
|---|---|
| /s/ Jonathon W. Tappan | /s/ Bernard J. Fuhs |
| JONATHAN W. TAPPAN (P72195) | BERNARD J. FUHS (P69621) |
| Jonathan W. Tappan, PLLC | Butzel Long, a Professional Corporation |
| 2549 Somerset Blvd. #102 | 150 West Jefferson, Suite 100 |
| Troy, MI 48084 | Detroit, MI 48226 |
| Phone: (415) 325-5900 | Phone: (313) 225-7044 |
| Email: tappanj@comcast.net | Email: fuhs@butzel.com |
| | |
| Attorney for Plaintiff | Attorney for Defendant |