UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AF HOLDINGS, LLC,

    Plaintiff,

-vs-                                                #2:12-cv-14442
                                                      Hon. Gershwin A. Drain

MATTHEW CICCONE,

    Defendant.

_____

| | |
|---|---|
| JONATHAN W. TAPPAN (P72195) | BERNARD J. FUHS (P69621) |
| 2549 Somerset Blvd #102 | 150 W Jefferson, Suite 200 |
| Troy MI 48084 | Detroit MI 48226 |
| 248.325.5900 | 313.225-7044 |
| Attorney for Plaintiff | Attorney for Defendant |

MOTION TO QUASH SUBPOENA

Now comes J. Doe, Movant herein, by and through attorney Kenneth M. Mogill, and pursuant to the provisions of F R Civ P 45(c) moves this Court for an Order quashing the subpoena issued to Custodian of Records, WideOpenWest Finance, LLC c/o CSC-Lawyers Incorporating Service Company, which subpoena seeks production of information identifying the name, address, telephone number and email address of the person whose IP address is 74.199.13.155 in this matter for the following reasons:

    1. J. Doe resides in the Eastern District of Michigan.

    2. J. Doe is the individual whose IP address is 74.199.13.155.

    3. J. Doe is not a party to this action, and there is no reasonable likelihood whatever that any facts disclosed in discovery could result in J. Doe becoming a party to this or any other non-frivolous action in this or any other federal or state court.

4. There is also no reasonable likelihood whatever that disclosure to Plaintiff of the information sought as to Movant will be of any evidentiary or investigative value whatever to Plaintiff in this matter.

5. If the subpoenaed information is disclosed to Plaintiff, there is a very real danger, based on the experience of many others in comparable litigation, that Movant will become subject to frivolous, abusive and vexatious litigation and/or threats of litigation which will require the expenditure of a substantial amount of time, energy and financial resources to defend, would likely cause Movant substantial embarrassment and would unfairly damage Movant's reputation.

6. Balancing the non-existent benefits of production of the subpoenaed information against the substantial burden that disclosure would impose on Movant, disclosure of the subpoenaed information would clearly impose an undue burden on Movant. As such, F R Civ P 45(c)(3)(A)(iv) requires that the subpoena be quashed as it relates to disclosure of identifying information as to Movant.

7. Pursuant to the provisions of ED Mi LR 7.1(a), on January 17, 2013, undersigned counsel sought via email the consent of counsel for the parties to the relief requested here. Counsel for Plaintiff has advised the undersigned that he does not consent. As of the time of filing this Motion, the undersigned has not received a response from counsel for Defendant.

WHEREFORE, Movant prays this Court for an Order quashing the subpoena to Custodian of Records, WideOpenWest Finance, LLC c/o CSC-Lawyers Incorporating Service Company, in this matter to the extent that it seeks production of information identifying the name, address, telephone number and email address of the person whose IP address is 74.199.13.155 and for such other relief as equity and justice require.

        Respectfully submitted,

        */s/Kenneth M. Mogill*
        Kenneth M. Mogill    P17865
        kmogill@bignet.net
        MOGILL, POSNER & COHEN
        27 E Flint St, 2nd Floor
        Lake Orion MI 48362
        248.814.9470

Dated: January 18, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AF HOLDINGS, LLC,

    Plaintiff,

-vs-                                      #2:12-cv-14442
                                         Hon. Gershwin A. Drain

MATTHEW CICCONE,

    Defendant.
_____

| | |
|---|---|
| JONATHAN W. TAPPAN (P72195) | BERNARD J. FUHS (P69621) |
| 2549 Somerset Blvd #102 | 150 W Jefferson, Suite 200 |
| Troy MI 48084 | Detroit MI 48226 |
| 248.325.5900 | 313.225-7044 |
| Attorney for Plaintiff | Attorney for Defendant |

BRIEF IN SUPPORT OF
MOTION TO QUASH SUBPOENA

ISSUE PRESENTED

Pursuant to F R Civ P 45(c)(3)(A)(iv), the issue presented by this Motion is whether disclosure by Movant's ISP of Movant's personal identifying information would impose an undue burden on Movant.

CONTROLLING AUTHORITY

Digital Sin, Inc v Does 1-176, 2012 WL 263491 at *3 (SDNY 1/30/2012)

In re Bittorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist LEXIS 61447 at *3
    (EDNY 5/1/2012)

Northwestern Memorial Hospital v Ashcroft, 362 F3d 923, 927 (7th Cir 2004)

Patrick Collins v John Does 1-23, ED Mi #11-cv-15231 (3/26/2012), Steeh, J. (Order granting
    motion to quash in part and severing Doe Defendants 2-23)

SBO Pictures, Inc v Does 1-3036, 2011 WL 600620 at *3 (ND Cal 11/30/2011)

Third Degree Films, Inc v Does 1-108, 2012 U.S. Dist. LEXIS 25400, at *7-8 (D Md 2/28/2012)

VPR Int'l v Does 1-1017, 2011 U.S. Dist. LEXIS 64656 at *4 (CD Ill 4/29/2011)

STATEMENT OF FACTS

The relevant facts are set out in the Motion to which this Brief is attached.

ARGUMENT

As the individual whose IP address is subject to the subpoena in this matter issued to the Custodian of Records, WideOpenWest – Movant's ISP – and whose personal information will be disclosed if the motion is not granted, Movant has standing to bring this motion. *Cf., e.g.*, McIntyre v Ohio Elections Commission, 514 US 334, 342 (1995); Third Degree Films, Inc v Does 1-108, 2012 U.S. Dist. LEXIS 25400, at *7-8 (D Md 2/28/2012).

The background and history of this case and similar litigation, particularly the lengthy string of abuses of process that are a part of this type of litigation, are well-documented in the Brief in Support of Motion to Intervene filed by counsel for the holder of IP address 96.27.48.90 [Document #12 of the case documents in the instant case].  The breadth and audacity of the improper litigation tactics employed are particularly instructive on the facts at bar, as they demonstrate why the likelihood of an undue burden on Movant if the motion is not granted is all too real, not speculative. Indeed, if the allegations of counsel for the holder of IP address 96.27.48.90 are correct, the Plaintiff and Defendant have already entered into a confidential settlement agreement as to the allegations of Plaintiff's complaint, the continuation of this lawsuit is essentially a sham, and there remains no valid basis whatever for the requested discovery. *Id.* at p 4.

Even if the parties have not entered into a confidential settlement agreement, the requested information, if provided to Plaintiff, could be of no evidentiary value to Plaintiff, as an IP address does not identify who used that address at any point in time. Rather, an IP address identifies only the location at which one of any number of computer devices may be deployed; it does not identify who used that address at any given time, who had access to that address at any given time or other information that would be necessary to the request being anything other than an attempt to utilize this Court's authority as an adjunct to Plaintiff's fishing expedition. *Cf.*, *e.g.*, In re Bittorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist LEXIS 61447 at *3 (EDNY 5/1/2012); Digital Sin, Inc v Does 1-176, 2012 WL 263491 at *3 (SDNY 1/30/2012); SBO Pictures, Inc v Does 1-3036, 2011 WL 600620 at *3 (ND Cal 11/30/2011); VPR Int'l v Does 1-1017, 2011 U.S. Dist. LEXIS 64656 at *4 (CD Ill 4/29/2011).

Moreover, for the reasons set out in the Brief in Support of the Motion to Intervene filed in relation to IP address 96.27.48.90, there is no legitimate basis for Plaintiff to seek this information from Movant. There can be no viable claim that Movant, if Movant's identifying information were to become known to Plaintiff, would be someone who could be added as a defendant in this case, nor is there any basis for arguing that disclosure of Movant's identifying information would provide a basis for a non-frivolous separate cause of action against Movant. See also Patrick Collins v John Does 1-23, ED Mi #11-cv-15231 (3/26/2012), Steeh, J. (Order granting motion to quash in part and severing Doe Defendants 2-23).

For all of these reasons, enforcement of the subpoena as to Movant's personal identifying information would impose an undue burden on Movant. An undue burden, as contemplated by Rule 45(c)(3)(A)(iv), is a burden compliance with which "would exceed the benefit of production of the

3

material sought by it". Northwestern Memorial Hospital v Ashcroft, 362 F3d 923, 927 (7th Cir 2004). Given the total absence of any legitimate benefit that might be gained by Plaintiff from production of Movant's identifying information, this standard is clearly met in connection with this Motion. In the circumstances of this case and this Motion, even the necessity of filing this Motion is arguably an unfair burden on Movant. Given the history of shakedowns, rather than legitimate litigation, that flow from disclosure of identifying information in these cases, however, the burden of having to file this Motion is lesser than and preferable to the extreme undue burden that would flow from the release of Movant's identifying information and the severe mischief that would likely follow from that release.

For all of these reasons, the Motion should be granted, and this Court should enter an Order quashing the subpoena to Custodian of Records, WideOpenWest Finance, LLC c/o CSC-Lawyers Incorporating Service Company, in this matter to the extent that it seeks production of information identifying the name, address, telephone number and email address of the person whose IP address is 74.199.13.155 and grant Movant such other relief as equity and justice require.

                                            Respectfully submitted,

                                            /s/Kenneth M. Mogill
                                            Kenneth M. Mogill    P17865
                                            MOGILL, POSNER & COHEN
                                            kmogill@bignet.net
                                            27 E Flint St, 2nd Floor
                                            Lake Orion MI 48362
                                            248.814.9470

Dated: January 18, 2013