United States District Court

For the

Eastern District of Michigan



RECEIVED
JAN 18 2013
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

AF Holdings

v.

Matthew Ciccone

Civil Action No. 4:12-cv-14442-GAD-MKM

## Motion of John Doe to Proceed Anonymously

Pursuant of the Court's order dated November 29, 2012, *pro se* defendant John Doe respectfully moves for an order for him to proceed anonymously.

Plaintiff has filed the claim with disregard for the rights of the Movant. As described with the accompanying motions, the ability to determine the identity of said defendants is without backing. Plaintiff's clear strategy is to obtain settlements from individuals based on the threat that defendants will be irreparably harmed from identities made public. Unless the Movant can proceed anonymously, especially until his motions are resolved, the Court's rulings on the subpoena and jurisdictional issues will be moot. Plaintiff will have succeeded in "working the system" by obtaining information not available solely based through filing a subpoena or complaint.

Additionally, this subpoena should not have been issued because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. VPR Internationale Order, at 2. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Moreover, even if the information has some small amount of relevance to the claim, which it does not, discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that Movant was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to Movant is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test.

Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to Movant. if allowed to proceed.

As stated in his declaration, Movant did not commit acts Plaintiff alleged him of doing. If his identity is disclosed via this legislation, he will be linked to a highly untrue, embarrassing allegation. In the age of wireless technology, systems are in place that allows one's internet connection to be accessed without proper authorization, even with precautions in place such as a simple password. Even if a Motion to Seal is granted, disclosure of Movant's identity to Plaintiff will likely result in a plethora of threatening calls and emails. Paying a settlement or enduring the latter are tough consequences based on allegations dealing with the current age of technology. Good cause exists to quash the subpoena served on Charter Communications to compel the disclosure of the name, address, telephone number and e-mail address of Movant.

For the reasons stated above, the Movant respectfully asks that Motion be granted.

_John Doe #16_
John Doe

01/13/2012

RECEIVED
JAN 18 2013
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

**RECEIVED JAN 18 2013 GERSHWIN A. DRAIN U.S. DISTRICT JUDGE**

| AF HOLDINGS LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:12-cv-14442-GAD-MKM |
| MATTHEW CICCONE | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/Subpoena Compliance: Charter Communications, LLC c/o CSC-Lawyers Incorporating Service Company, 601 Abbot Rd, East Lancing, MI 48823

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, and e-mail addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Jonathan W. Tappan, PLLC<br>2549 Somerset Blvd, #102<br>Troy, MI 48084 | Date and Time:<br>01/07/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___11/29/2012___

CLERK OF COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* AF Holdings, LLC, who issues or requests this subpoena, are:

Jonathan W. Tappan, Jonathan W. Tappan, PLLC; 2549 Somerset Blvd. #102, Troy, MI 48084; (415) 325-5900.