# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

AF HOLDINGS LLC,   /
         /
    Plaintiff,  /
  v.      /   Case No. 12-cv-14442
         /
MATTHEW CICCONE,  /   Honorable Gershwin A. Drain
         /
    Defendant,  /
_____/_____

JONATHAN W. TAPPAN (P72195)  BERNARD J. FUHS (P69621)
Jonathan W. Tappan, PLLC    Butzel Long, a Professional Corporation
2549 Somerset Blvd. #102     150 West Jefferson, Suite 100
Troy, MI 48084        Detroit, MI 48226
Phone: (415) 325-5900     Phone: (313) 225-7044
Email: tappanj@comcast.net    Email: fuhs@butzel.com
Attorney for Plaintiff       Attorney for Defendant

## PLAINTIFF'S OMNIBUS RESPONSE TO MOTIONS TO QUASH
## AND FOR A PROTECTIVE ORDER

  Eight substantially identical[1] motions were filed by anonymous individuals ("Movants") through attorney John T. Hermann. (ECF Nos. 12-13, 17-21, 26 [hereinafter "Motions".]). Movants begin their motions by outlining what they believe to be an "overview of Plaintiff's abusive litigation tactics." (Motions at 1-4 6-11.) Movants' first substantive argument is that they have standing to challenge Plaintiff's subpoena. (*Id.* at 11.) Movants' second argument is that Plaintiff's subpoena should be quashed because an IP address does not necessarily identify the

---

[1] The first motion was brought by an individual associated with Internet Protocol ("IP") address 96.27.48.90 (ECF No. 12), the second motion was brought by an individual associated with IP address 69.14.48.240 (ECF No. 13), the third motion was brought by an individual associated with IP address 24.192.131.95 (ECF No. 17), the fourth motion was brought by an individual associated with IP address 67.149.101.189 (ECF No. 18), the fifth motion was brought by an individual associated with IP address 69.14.65.215 (ECF No. 19), the sixth motion was brought by an individual associated with IP address 67.149.76.101 (ECF No. 20), the seventh motion was brought by an individual associated with IP address 71.10.56.59 (ECF No. 21), and the eighth motion was brought by an individual associated with IP address 69.14.135.24 (ECF No. 26). In all other regards, the motions are substantially identical.

true infringer. (*Id.* at 11-13.) Third, Movants argue that Plaintiff has shown no legitimate purpose for obtaining the requested information. (*Id.* at 13-16.) Fourth, Movants argues that Plaintiff is improperly attempting to link activities of various IP addresses. (*Id.* at 16-18.) Finally, Movants request a protective order. (*Id.* at 18-20.) For the reasons set forth below, Movants' motions should be denied.

## ARGUMENT

Before reaching the merits of Movants' arguments, Plaintiff must first address Movants' potential attempts to intervene. Movants seek to intervene to file their motion to quash. (Motions.) Movants do not need to intervene in order to file their motions as they are implicitly and explicitly able to do so. (ECF No. 11) ("ORDERED that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service.") The extent of Movants' interest ends at their motions to quash, however, and any attempts to intervene further in the case should be rejected. *Michigan State AFL-CIO v. Miller*, 103 F. 3d 1240, 1256 (6th Cir. 1997).

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movants do not raise a single argument under Rule 45. (*See generally* Motions.) Instead, Movants focus on inapplicable arguments and *ad hominem* attacks. (*Id.*) Because Movants have not raised a valid legal argument for quashing Plaintiff's subpoenas, their motions to quash should be denied.

Plaintiff feels the need to addresses Movants multiple *ad hominem* attacks against Plaintiff. Movants accuse Plaintiff of "demand[ing] thousands of dollars in settlement regardless of whether the named accountholder is the actual infringer" and of "threaten[ing] individuals into paying the settlements." (Motions at 1.) Movants provide no evidence that this is happening in

this case or that Plaintiff has participated in this conduct in the past.[2] (*See generally id.*) While Plaintiff acknowledges that a extreme minority of courts have been cautious about the potential for abusive settlement tactics, courts routinely permit plaintiffs the discovery necessary to protect its copyrighted works from infringement. *See e.g., AF Holdings LLC v. John Doe*, No. 12-2687 (D. Minn. Nov. 28, 2012), ECF No. 10 at *6 ("While this Court shares the concern of other courts that some plaintiffs are using litigation as part of their business model or engaging in improper litigation tactics, nothing in the record presently before the Court incriminates these particular Plaintiffs.").

While Movants attempt to paint themselves as the "victims" of Plaintiff's settlement attempts, it is Plaintiff who has been injured as a result of Movants' actions. Movants participated in a conspiracy with Defendant to infringe on Plaintiff's copyrighted work. (ECF No. 1.) Movants put Plaintiff's company and livelihood at risk by their actions. Plaintiff simply wishes to identify the individuals that participated in the conspiracy and obtain information crucial to its case against Defendant. Movants are so fearful of being held liable for their actions, they attempt to prevent the basic disclosure of their identifying information through extreme and groundless accusations. Movants' failure to provide *any* basis for their claim highlights the absurdity of their arguments.

Plaintiff addresses each of Movants substantive arguments below. First, Plaintiff argues that Movants lack standing to move to quash Plaintiff's subpoenas based on the arguments they raise. Second, Plaintiff argues that the information sought in its subpoenas is essential to identifying the true infringers. Third, Plaintiff argues that it has a legitimate purpose for

---

[2] Movants cites *AF Holdings, LLC v. Doe*, No. 12-cv-02048, 2012 U.S. Dist. LEXIS 159259, at *4 (N.D. Cal. Nov. 6,2012), and claim the court denied plaintiff leave to amend due to "bad faith" by plaintiff's counsel. (Motions at 3 n. 4.) Leave to amend was denied due to a failure to properly adhere to Fed. R. Civ. P. 4(m) and had nothing to do with "demand" or "threats" made to any entity.

obtaining the information sought in its subpoenas. Fourth, Plaintiff argues that Defendant collaborated with his joint tortfeasors to infringe on Plaintiff's copyrighted work. Finally, Plaintiff argues that Movants are not entitled to a protective order.

## I.   MOVANTS LACK STANDING TO MOVE TO QUASH PLAINTIFF'S SUBPOENAS BASED ON THE ARGUMENTS THEY RAISE

When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege or personal right of privacy. *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062 (N.D. Ill. June 14, 2012), ECF No. 28 at *7 ("Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests."); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's order of November 28, 2012 (ECF No. 11) were issued to nonparty ISPs. And Movants did not make a claim of personal right of privilege anywhere in his motion. (*See generally* Motions.) Movants are correct that they have standing to move to quash Plaintiff's subpoenas, but they must raise arguments they actually have standing to raise. Movants failed to do so and, as a result, their arguments should be denied.

## II.   THE INFORMATION SOUGHT IN PLAINTIFF'S SUBPOENAS IS ESSENTIAL TO IDENTIFY THE TRUE INFRINGERS

Movants argues that "[b]ecause an IP address does not identify the individual that engaged in the alleged unlawful activity, the subpoenas seeking Movants' personal information should be quashed." (Motions at 13.) This argument is not a basis under Rule 45 to quash the subpoena. Fed. R. Civ. P. 45(c). This argument should be denied on that basis alone.

Movants are correct that the subscriber is not necessarily the individual that committed the unlawful activity. In Plaintiff's counsel's experience, in the rare cases[3] when the subscriber is not the individual that committed the unlawful activity, they can lead Plaintiff to the responsible individual. The responsible individual is often the subscriber's family member or roommate. Further, even if someone other than the subscriber is the individual that committed the unlawful activity the essential forensic information will still be available on any shared computers. Obtaining the subscriber's identifying information, therefore, is an essential first step to eventually identifying the individual that committed the unlawful activity and obtaining critical forensic information.

### III.   PLAINTIFF HAS A LEGITIMATE PURPOSE FOR OBTAINING THE INFORMATION SOUGHT IN ITS SUBPOENA

Movants argue that Plaintiff has shown no legitimate purpose for obtaining the information sought in its subpoenas. (Motions at 13-16.) This is untrue; the information sought in its subpoenas is essential to establishing liability and damages for Plaintiff's contributory infringement and civil conspiracy claims alleged in the complaint. (ECF No. 1.) Plaintiff seeks to hold "Defendant jointly and severally liable to Plaintiff in the full amount of the Judgment" for both its contributory infringement and civil conspiracy claims. (*Id.* at 12.) Plaintiff seeks to identify Defendant's joint tortfeasors as they possess information, either through testimony or

---

[3] Movants claim that "Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those individuals who actually downloaded or shared copyrighted content." (Motions at 7.) Plaintiff's counsel, locally or nationally, has made no such statement and Plaintiff's counsel was not involved in any capacity the case quoted by Movants.

through the digital information contained on their computers, that Plaintiff needs in order to prove its claims against Defendant. (ECF No. 10 at 6) ("To prove its claim, Plaintiff must map the flow of data from Defendant to other swarm participants. Unless this Court is prepared to rule as a matter of law that mere coexistence in a BitTorrent swarm constitutes contributory infringement with respect to all other swarm participants, Plaintiff needs information that goes to the interconnections among the swarm members.")

Further, Defendant does not oppose this discovery as it is likely necessary for his defenses. (*Id.* at 5) ("in an effort to resolve this litigation and avoid further time and cost intensive litigation, Defendant is willing to stipulate to the limited expedited discovery that Plaintiff seeks.") Plaintiff has a legitimate purpose for the issuance of its subpoenas—to gather information essential to its claims—so the Court should reject Movants' argument.

## IV.   DEFENDANT COLLABORATED WITH HIS  JOINT TORTFEASORS TO INFRINGE ON PLAINTIFF'S COPYRIGHTED WORK

Movants argue that Defendant's 300 joint tortfeasors did not collaborate with him because their involvement happened "fifteen months" apart from Defendant's. (Motions at 16.) This temporal concern does not eliminate the fact that Defendant collaborated with his joint tortfeasors. Connectivity of events "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Participation in a single swarm establishes this logical relationship. *See Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-02766 MEJ, 2011 WL 3740487 *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable

basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(1)(A)). In support of their argument Movants cite a series of cases where defendants were severed from cases for being improperly joined. (Motions at 16-18.) There is a single Defendant in this case and it is axiomatic to say that a single defendant cannot be misjoined with himself.

## V.   MOVANTS ARE NOT ENTITLED TO A PROTECTIVE ORDER

Finally, Movants argue that they are entitled to a protective order. (Motions at 18-20.) First, Movants lack standing to move for a protective order. The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movants are not parties to this case. (ECF No. 1) Nor are Movants persons from whom discovery is sought. Plaintiff sought (ECF No. 10), and was granted (ECF No. 11), discovery from ISPs. All subpoenas issued pursuant to the Court's order of November 28, 2012 (*id.*) were issued to nonparty ISPs. Movants, therefore, lack standing to move for a protective order.

Second, Movants are not entitled to a protective order. Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movants are not subject to Plaintiff's subpoenas and, thus, do not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill.

July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

## **CONCLUSION**

The Court should deny Movants' motion. Movants have failed to raise a valid legal argument under Rule 45 for quashing Plaintiff's subpoenas. Movants lack standing to move to quash Plaintiff's subpoenas based on the arguments they raise. The information sought in its subpoenas is essential to identifying the true infringers. Plaintiff has a legitimate purpose for obtaining the information sought in its subpoenas. Defendant collaborated with his joint tortfeasors to infringe on Plaintiff's copyrighted work. Movants are not entitled to a protective order.


Respectfully Submitted,

Dated:  January 22, 2013


/s/ Jonathan W. Tappan
JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: tappanj@comcast.net
Attorney for Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on January 22, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.


/s/ Jonathan W. Tappan