UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AF HOLDINGS LLC,

        Plaintiff,                              Case No. 12-cv-14442
                                                    HON. GERSHWIN A. DRAIN

vs.

MATTHEW CICCONE,

        Defendant.
_____/

**ORDER STRIKING MOTIONS TO INTERVENE IN ORDER TO QUASH SUBPOENA OR ALTERNATIVELY FOR ISSUANCE OF A PROTECTION ORDER [#13, #17, #18, #19, #20, #21, #22, #26, #45, #46]**

Plaintiff, AF Holdings, LLC, filed the instant action alleging that Defendant, Matthew Ciccone, downloaded Plaintiff's film without authorization using a peer-to-peer file sharing network known as BitTorrent. Plaintiff is the owner of United States Copyright Registration Number PA001725120, for the motion picture "Sexual Obsession" (the "Work"). Plaintiff alleges claims of direct and indirect copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

On November 28, 2012, this Court entered an Order granting the parties' joint motion to expedite discovery. *See* Dkt. No. 11. The Court's November 28, 2012, Order permitted Plaintiff to serve Rule 45 subpoenas prior to the Rule 26(f) conference so that Plaintiff could identify the other alleged participants using the BitTorrent protocol in order to share pieces of Plaintiff's Work with each other and with Defendant Ciccone. The Court granted the parties' joint motion upon the representations made that granting the parties' request would be "in the Court's interest" and "lead

-1-

to a just and speedy final resolution of this matter." *See* Dkt. No. 10 at 2. Unfortunately, the intended result has not materialized, rather the Court has been bombarded with motions filed on behalf of the alleged participants seeking to quash the Rule 45 subpoenas, to intervene and/or for protective orders. *See* Dkt. Nos. 12, 13, 17, 18, 19, 20, 21, 22, 23, 25, 26, 33, 39, 41, 45, and 46. On January 24, 2013, this Court set oral argument on twelve of these motions. *See* Dkt. No. 36. Since the Court noticed oral argument for these motions, four more motions to quash and/or to intervene have been filed.

The number of pending motions to quash and/or to intervene has rendered this matter unnecessarily time consuming for the Court, especially in light of the fact that eleven out of the sixteen pending motions were filed by the same attorney, John Hermann, and contain identical arguments. Thus, in order to efficiently resolve the issues raised by the potential BitTorrent participants who seek to intervene and/or quash the Rule 45 subpoenas, the Court STRIKES document numbers 13, 17, 18, 19, 20, 21, 22, 26, 45 and 46. Thus, the Court will construe the Motion to Intervene in Order to Quash Subpoena or Alternatively for Issuances of a Protective Order (Dkt. No. 12) as being filed on behalf of the following individuals: Movant whose IP address is 96.27.48.90, Movant whose IP address is 69.14.48.240, Movant whose IP address is 24.192.131.95, Movant whose IP address is 67.149.101.189, Movant whose IP address is 69.14.65.215, Movant whose IP address is 67.149.76.101, Movant whose IP address is 71.10.56.59, Movant whose IP address is 24.192.9.190, Movant whose IP address is 69.14.135.24, Movant whose IP address is 76.112.206.59, Movant whose IP address is 76.11249.123.

Additionally, Mr. Herman is hereby advised that any future motion he seeks to file that raises identical arguments to those raised in document number twelve (12) shall be filed as a "Notice to

Join Motion to Intervene in Order to Quash Subpoena or Alternatively for Issuance of a Protective Order, Document Number 12." The subpoenaed entity shall preserve any subpoenaed information pending the resolution of the Motion to Intervene in Order to Quash Subpoena or Alternatively for Issuance of a Protective Order, Document Number 12, if a Notice to Join Motion has been filed within thirty days of service of the Rule 45 subpoena.

The Court hereby advises Plaintiff's counsel that he SHALL IMMEDIATELY notify the ISP providers of the pending motions to quash and that the ISP provider is prohibited from disclosing the subpoenaed information until the Court resolves the pending motions.

SO ORDERED.

Dated: January 30, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 30, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk