## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AF HOLDINGS LLC, | |
| Plaintiff, | |
| v. | Case No. 12-cv-14442 |
| MATTHEW CICCONE, | Honorable Gershwin A. Drain |
| Defendant, | |

JONATHAN W. TAPPAN (P72195)  
Jonathan W. Tappan, PLLC  
2549 Somerset Blvd. #102  
Troy, MI 48084  
Phone: (415) 325-5900  
Email: tappanj@comcast.net  
Attorney for Plaintiff

BERNARD J. FUHS (P69621)  
Butzel Long, a Professional Corporation  
150 West Jefferson, Ste. 100  
Detroit, Michigan 48226  
(313) 225-7044  
Email: fuhs@butzel.com  
Attorneys for Defendant

### PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO INTERVENE IN ORDER TO QUASH SUBPOENA OR FOR A PROTECTIVE ORDER

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 50.4.160.247 filed a motion to intervene in order to quash Plaintiff subpoena or, in the alternative, for the issuance of a protective order. (ECF No. 23.) Movant seeks to intervene for the sole purpose of "contesting jurisdiction, for an order quashing the subpoena . . . ." and for a protective order. (*Id.* at 5.) Movant's first two arguments challenge the ability to identify an infringer via an IP address (*Id.* at 7-8) or a Media Access Control ("MAC") address. (*Id.* at 8-9.) Movant's final argument is that it is foreseeable that Plaintiff intends to join multiple defendants into this action. (*Id.* at 9-11.) For the reasons set forth below, Movant's motion should be denied.

1

**ARGUMENT**

Before reaching the merits of Movant's arguments, Plaintiff first addresses Movant's defamatory statements. Movant states that "Alan Cooper's identity had been used without his consent as the CEO of AF Holdings LLC . . ." (*Id.* at 6.) This statement is one in a long line of conspiracy theories raised by anonymous infringers against copyright holder plaintiffs. By way of example, infringers have accused copyright holders of suing fictitious defendants, of bribing federal judges and (as in this case) of identity theft. The common link between these conspiracy theories is that they are all categorically false.

This instant conspiracy theory was first asserted by Attorney Paul Godfread in a cases brought by Plaintiff against defendants in the U.S. District Court for the District of Minnesota. In those cases, Plaintiff denied Attorney Godfread's wild accusations. *See, e.g., AF Holdings, LLC v. John Doe*, No. 12-2689-RHK-JGG (D. Minn. Dec. 4, 2012), ECF No. 13 ("In his letter, Attorney Godfread accuses AF Holdings LLC of being a sham corporation and fraudulently holding his client out as its CEO. Both of these accusations are categorically false.").

Movant also claims that when "Godfread Law Firm, P.C., informed the Honorable Judge Richard Kyle and the Honorable Judge Joan N. Erickson" of his concerns, "[t]hose cases were dismissed with prejudice." (*Id.*) This statement is brazenly false. This Court can take judicial notice that only one of the three cases was dismissed, and the dismissal was voluntary. *AF Holdings LLC v. John Doe*, No. 12-cv-2688-RHK-JJG (D. Minn. Jan. 4, 2013), ECF No. 15 ("Plaintiff voluntary dismisses this action in its entirety with prejudice."). The other two actions are pending and *have not been dismissed*. For the record, both of the courts who reviewed Attorney Godfread's conspiracy theory simply ignored it. *AF Holdings LLC v. Roeum Hean*, No.

12-cv-1449-JNE-FLN (D. Minn. Dec. 3, 2012), ECF No. 19 ("[t]he court will take no action on [attorney Godfread's] request.").

Further, Movant claims that "Prenda Law has been scrutinized by numerous districts for abusing the court system." (ECF No. 23 at 6.) Notwithstanding Movant's total failure to substantiate this statement, it bears mentioning that Prenda Law is not counsel of record in this action—Jonathan W. Tappan, PLLC is the law firm handling this matter. Any discussion of Prenda Law is wholly irrelevant as to whether a subpoena in the instant case should be quashed or whether a protective order should issue.

Infringers, such as Movant, attempt to impugn copyright holder plaintiffs and their counsel in an effort to reframe the claims in a case. In the instant action, Plaintiff is the victim of Movant's brazen infringement. Movant ostensibly recognizes the strength of Plaintiff's claims, and is desperate to avoid liability. There is nothing wrong with copyright infringement litigation—except, of course, from the perspective of the infringer.

Regarding Movant's substantive arguments, the exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant does not raise a valid Rule 45 argument. (*See generally* ECF No. 23.) Accordingly, Movant's motion should be denied.

### I. MOVANT LACKS STANDING TO QUASH PLAINTIFF'S SUBPOENA BASED ON THE ARGUMENTS HE RAISES

Movant does have standing to move to quash Plaintiff's subpoena, but only on very specific grounds. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the

documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege or personal right of privacy. *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062 (N.D. Ill. June 14, 2012), ECF No. 28 at *7 ("Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests."); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's order of November 28, 2012 (ECF No. 11) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 23.) As a result, Movant's lacks standing and his motion to quash should be denied.

## II. MOVANT'S TECHNICAL ARGUMENTS ARE UNAVAILING

Movant argues that "[t]he public IP address recorded does not necessarily correlate to any software being installed on any computer belonging to an individual" and that "[e]ven a valid Media Access Control (MAC) address . . . cannot be relied upon to determine who accessed the internet at any particular time." (ECF No. 23 at 7, 8.) As an initial matter, these arguments do not constitute valid Rule 45 grounds in favor of quashing a subpoena. Fed. R. Civ. P. 45(c). These arguments should be rejected on that basis alone.

Movant is correct that the relationship between a subscriber and an infringer is not always perfect. However, in Plaintiff's counsel's experience, in the rare cases when the subscriber is not the individual that committed the unlawful activity, they can lead Plaintiff to the responsible individual. The responsible individual is often the subscriber's family member or roommate.

4

Further, even if someone other than the subscriber is the individual that committed the unlawful activity the essential forensic information will still be available on any shared computers. Obtaining the subscriber's identifying information, therefore, is an essential first step to eventually identifying the individual that committed the unlawful activity and obtaining critical forensic information. A MAC address is used to identify the specific device used for the infringement, and will greatly aid Plaintiff in identifying the true infringer.

Later in his motion, Movant claims that he has "no knowledge about [Defendant] Matthew Ciconne's case. I have never known Matthew Ciccone." (ECF No. 23 at 12.) Even if that is true, and Movant has no personal knowledge regarding the Defendant, essential information regarding this case will likely be contained on Movant's electronic devices. Obtaining Movant's identifying information, therefore, is essential to Plaintiff's case against Defendant.

### III. PLAINTIFF'S JOINDER ARGUMENTS ARE PREMATURE

Movant makes two arguments regarding joinder. First, Movant argues that because Plaintiff may potentially join other defendants into this case "the concept of joinder will compel innocent third party individuals to participate in the litigation process and '. . . settle the lawsuit confidentially in order to avoid the embarrassment of being named as a defendant in a case about the alleged illegal trading of a pornographic film.'" (ECF No. 23 at 9) (citing *Digital Sin, Inc. v. Does 1-176*, No. 12-cv-00126-AJN, 2012 WL 263491, at *2 (S.D.N.Y. Jan. 30, 2012)). Plaintiff has a Rule 11 obligation to have a good faith basis before naming defendants. Fed. R. Civ. P. 11(b). Movant is essentially arguing that Plaintiff should be unable to obtain the information necessary to prove its case against the Defendant because its copyrighted work is pornographic in nature. Movant argues that even the mere potential that someone infringed on Plaintiff's

5

copyrighted works constitutes "embarrassment." This is not a basis for the relief Movant seeks. Fed. R. Civ. P. 26; 45.

There are many forms of claims and charges, within both the civil and criminal context, that are far more inherently embarrassing that the claims asserted here. Without listing many of the obvious candidates, an unavoidable fact of any form of litigation is that it is inherently unpleasant in nature. Yet despite this unavoidable aspect of our legal system, the wheels keep turning—this is the system that our society has chosen and it is arguably far superior to any other in the world.

Movant's second joinder argument is that if Plaintiff were to join more defendants, this would be improper and the Court should sever the defendants. (ECF No. 23 at 10-11.) There is currently only a single defendant in this action. It is axiomatic to say that a single defendant cannot be misjoined with himself. Joinder is an issue that is not ripe for consideration when only a single defendant exists.

## IV.   MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant argues that, in the alternative, he is entitled to a protective order. (ECF No. 23.) First, Movant lacks standing to move for a protective order. The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case. (ECF No. 1) Nor is Movant a person from whom discovery is sought.[1] Movant, therefore, lacks standing to move for a protective order.

---

[1] Plaintiff sought (ECF No. 10), and was granted (ECF No. 11), discovery from ISPs. All subpoenas issued pursuant to the Court's order of November 28, 2012 (*id.*) were issued to nonparty ISPs.

Second, Movant is not entitled to a protective order. Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movant is not subject to Plaintiff's subpoenas and, thus, do not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

## CONCLUSION

The Court should deny Movant's motion. Movant has failed to raise a valid legal argument under Rule 45 for quashing Plaintiff's subpoenas. Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises. The information sought in Plaintiff's subpoena is essential to identifying the true infringer(s). Movant's joinder arguments are premature. Movants are not entitled to a protective order.

Respectfully Submitted,

Dated: January 31, 2013

/s/ Jonathan W. Tappan
JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: tappanj@comcast.net
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Jonathan W. Tappan