UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AF HOLDINGS LLC,

    Plaintiff,

v.                                           Case No. 12-cv-14442

MATTHEW CICCONE,            Honorable Gershwin A. Drain

    Defendant,

---

JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: tappanj@comcast.net
Attorney for Plaintiff

---

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 74.199.13.155 filed, through attorney Kenneth M. Mogill, a motion to quash Plaintiff subpoena. (ECF No. 25.) Movant claims he has no information that will aid Plaintiff in this matter. (*Id.* at 1-2.) Movant further argues that if his information is disclosed to Plaintiff he will be "subject to frivolous, abusive and vexatious litigation and/or threats of litigation" that will "impose an undue burden on Movant." (*Id.* at 2.) For the reasons set forth below, Movant's motion should be denied.

**ARGUMENT**

This brief consists of three parts. First, Plaintiff argues that Movant lacks standing to quash Plaintiff's subpoena based on the arguments he raises. Second, Plaintiff argues that Movant's technical arguments are unavailing. Finally, Plaintiff argues that Movant cannot

1

credibly claim that his Internet Service Provider's compliance with the subpoena will cause him an undue burden.

## I. MOVANT LACKS STANDING TO QUASH PLAINTIFF'S SUBPOENA BASED ON THE ARGUMENTS HE RAISES

Movant does have standing to move to quash Plaintiff's subpoena, but only on very specific grounds. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege or personal right of privacy. *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062 (N.D. Ill. June 14, 2012), ECF No. 28 at *7 ("Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests."); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's order of November 28, 2012 (ECF No. 11) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 25.) As a result, Movant's lacks standing and his motion to quash should be denied.

## II. MOVANT'S TECHNICAL ARGUMENTS ARE UNAVAILING

Movant argues that "an IP address does not identify who used that address at any point in time. Rather, an IP address identifies only the location at which one of any number of computer

devices may be deployed."(ECF No. 25 at 6.) As an initial matter, this argument does not constitute valid Rule 45 grounds in favor of quashing a subpoena. Fed. R. Civ. P. 45(c). This argument should be rejected on that basis alone.

Movant is correct that the relationship between a subscriber and an infringer is not always perfect. However, in Plaintiff's counsel's experience, in the rare cases when the subscriber is not the individual that committed the unlawful activity, they can lead Plaintiff to the responsible individual. The responsible individual is often the subscriber's family member or roommate. Movant further argues that he can provide no evidence regarding Plaintiff's case against Defendant. (ECF No. 25 at 2) ("There is also no reasonable likelihood whatever that disclosure to Plaintiff of the information sought as to Movant will be of any evidentiary or investigative value whatever to Plaintiff in this matter."). Even if that is true, and Movant has no personal knowledge regarding the Defendant, essential information regarding this case will likely be contained on Movant's electronic devices. Obtaining Movant's identifying information, therefore, is essential to Plaintiff's case against Defendant.

### III. MOVANT CANNOT CREDIBLY CLAIM THAT HIS ISPS' COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HIM

Movant claims that the subpoena should be quashed because disclosure of his identity would subject him to an undue burden. (ECF No. 25 at 6-7.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Because Movant is not the recipient of Plaintiff's subpoena, he faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v.*

3

*Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011); *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). Movant's undue burden argument should be rejected as similar arguments have been rejected in other courts. *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) ("The subpoenas served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden . . . ."); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011) ("[G]iven that the subpoenas were issued to the Does' ISPs, rather than to the Does themselves, any potential burden would be shouldered by the ISPs."); *MGCIP* [sic] *v. Does 1–316*, No. 10-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (finding that because Plaintiff "issued the subpoenas to internet service providers," the moving putative defendants "cannot maintain that the subpoenas create an undue burden on them").

## CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to quash Plaintiff's subpoena based on the arguments he raises. Movant's technical arguments are unavailing. Movant cannot credibly claim that his Internet Service Provider's compliance with the subpoena will cause him an undue burden.

Dated:  February 1, 2013

Respectfully Submitted,

/s/ Jonathan W. Tappan
JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: tappanj@comcast.net
Attorney for Plaintiff

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 1, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Jonathan W. Tappan