UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AF HOLDINGS LLC, | |
| Plaintiff, | |
| v. | Case No. 12-cv-14442 |
| MATTHEW CICCONE, | Honorable Gershwin A. Drain |
| Defendant, | |

JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: tappanj@comcast.net
Attorney for Plaintiff

BERNARD J. FUHS (P69621)
Butzel Long, A Professional Corporation
150 West Jefferson, Suite 100
Detroit, MI 48226
Phone: (313) 225-7044
Email: fuhs@butzel.com
Attorney for Defendant

## PLAINTIFF'S RESPONSE TO MOTION TO PROCEED ANONYMOUSLY

An anonymous individual ("Movant") filed a motion to proceed anonymously. (ECF No. 28.) Movant argues that the "reputation injury, prejudice, and undue burden to Movant" outweighs the relevance of the identifying information Plaintiff seeks. (*Id.* at 1-2.) Movant further denies committing "the acts Plaintiff alleged him of doing." (*Id.* at 2.) For the reasons set forth below, Movant's motion should be denied.

### ARGUMENT

Movant's request to proceed anonymously is an improper attempt to circumvent the presumptive openness of judicial proceedings. Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11. This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and

1

streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005).

The need to maintain this integrity is present here. Movant, falsely claims that "Plaintiff's clear strategy is to obtain settlements from individuals based on the threat that defendants will be irreparably harmed from identities made public." (ECF No. 28 at 1.) Movant does not provide any evidence of this claim, but instead hides under the cover of anonymously. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.")

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. Courts routinely deny motions on this basis. *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure.");

*First Time Videos, LLC v. Does 1-95*, No. 11-3822 (N.D. Cal. Nov. 16, 2011), ECF No. 23 at *1 ("Because [movant] has disclosed no identifying information, there is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation."); *Hard Drive Prods. v. Does 1–21*, No. 4:11-cv-59-SEB-WGH (S.D. Ind. July 27, 2011), ECF No. 22 ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*"). This Court should do the same, and deny Movant the ability to proceed anonymously.

Movant argues that information Plaintiff seeks will not be relevant to this action. (ECF No. 28 at 1.) This is untrue. Indeed, this information is essential to Plaintiff's claims against the Defendant. Plaintiff seeks to hold Defendant "jointly and severally liable to Plaintiff in the full amount of the Judgment" for both its contributory infringement and civil conspiracy claims. (ECF No. 1 at 12.) Therefore, Plaintiff needs the identifying information of Defendant's joint tortfeasors, such as Movant, to establish his liability and determine the extent of the damages caused by the contributory infringement and civil conspiracy. While Plaintiff understands that, as a joint tortfeasor to an infringement conspiracy, Movant does not want his identifying information disclosed, but arguing that the information is irrelevant to this action is inaccurate and not a basis for the relief he seeks.

Anonymous litigation has been permitted only where the issues are "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). The district court has a duty to consider the impact of a party's anonymity on both the public interest in open proceedings and on fairness to the opposing party. *Microsoft Corp.*, 56 F.3d at 1464. In conducting this balance, the court must weigh a plaintiff's "privacy concerns against the

3

presumption of openness of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Movant's concern that he will be "embarrassed" as a result of this litigation does not rise to the level sensitivity to be permitted to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011) (that Movant may suffer "embarrassment or economic harm [from being associated with plaintiff's claims] is not enough.")

Respectfully Submitted,

Dated: February 5, 2013

/s/ Jonathan W. Tappan
JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: tappanj@comcast.net
Attorney for Plaintiff

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 5, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Jonathan W. Tappan