UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AF HOLDINGS LLC.,

     Plaintiff,

v.                                  CASE NO. 12-14442
                                  HON. GERSHWIN A. DRAIN

MATTHEW CICCONE,

     Defendant.

_____

MARC LAKIN (P41147)
Attorney for Intervening Party IP 71.227.32.150
283 E. Franck
Birmingham, MI 48009
(248) 723 - 1199
_____

**INTERVENING PARTY'S (IP 71.227.32.150)**
**MOTION TO INTERVENE IN ORDER TO QUASH SUBPOENA OR**
**ALTERNATIVELY FOR ISSUANCE OF A PROTECTIVE ORDER AND SEVERANCE**

      Now comes the Movant, identified by the IP address 71.227.32.150, represented by

attorney Marc Lakin, and moves this Honorable Court to intervene pursuant to Fed. R. Civ. P.

24(a)&(b) in order to quash the subpoena, pursuant to the provisions of Fed. R. Civ. P. 45(c),

which was served upon Movant's Internet Service Provider Comcast Legal Response Center,

Comcast, NE&TO 650 Centerton Rd., Moorsetown, NJ 08057, or in the alternative, for a

protective order, for the reasons stated in the accompanying Brief In Support pursuant to Fed. R.

Civ. P. 26(C)(1), and for the following reasons:

1. The Movant has standing to challenge the subpoena.

2.  The subpoena should be quashed because the Plaintiffs failed to allege any facts showing that the Movant committed any of the acts in its complaint.

3.  The subpoena should be quashed because the Plaintiff has not provided a sufficient basis or legitimate purpose for obtaining Movant's private information.

4.  There has been no showing that it is reasonably likely that disclosure to Plaintiff of the subpoenaed information will be of any evidentiary or investigative value to the Plaintiff.

5.  The subpoena should be quashed, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), because disclosing the Movant's personal information to the Plaintiff will be subject the Movant to abusive litigation requiring substantial time and money, and causing unfair embarrassment.

6.  The Movant has been improperly joined to this action and should be severed pursuant to Fed. R. Civ. P. 21.

   WHEREFORE, Movant IP 71.227.32.150, moves this Court to intervene for an Order quashing the subpoena to Comcast Legal Response Center, Comcast, NE&TO 650 Centerton Rd., Moorsetown, NJ 08057 regarding the personal information of Movant IP 71.227.32.150, or in the alternative, for a protective order and granting severance.

                                        By: s/Marc Lakin
                                        MARC LAKIN (P41147)
                                        Attorney for Intervening Party IP 71.227.32.150
                                        283 E. Frank
                                        Birmingham, MI 48009
                                        (248) 723-1199
                                        marclakin@mac.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AF HOLDINGS LLC.,

     Plaintiff,

v.                           CASE NO. 12-14442
                               HON. GERSHWIN A. DRAIN

MATTHEW CICCONE,

     Defendant.

_____

MARC LAKIN (P41147)
Attorney for Intervening Party IP 71.227.32.150
283 E. Franck
Birmingham, MI 48009
(248) 723 - 1199

_____

**BRIEF IN SUPPORT OF**
**INTERVENING PARTY'S (IP 71.227.32.150)**
**MOTION TO INTERVENE IN ORDER TO QUASH SUBPOENA OR**
**ALTERNATIVELY FOR ISSUANCE OF A PROTECTIVE ORDER AND SEVERANCE**

**FACTS**

[This Movant, IP 71.227.32.150, relies upon and incorporates by reference the arguments and facts provided in the *Brief in Support of Motion to Intervene in Order to Quash Subpoena or Alternatively for a Protective Order* (R 12) filed by attorney for IP address 96.27.48.90]

The Plaintiff alleges that the Movant here, IP 71.227.32.150, "agreed" to "engage in a concerted tortuous action" with named Defendant Ciccone, (R1, p. 10, #54-55), specifically, that the Movant conspired to infringe Plaintiff's rights to its copyrighted movie, "Sex Obsession," by

contributory infringement. 18 USC 1367(a). (R1, p. 2, #5). And, that this was accomplished by use of the BitTorrent peer-to-peer file transfer protocol on the internet. (R1, p. 6, # 23-24).

"Plaintiff's investigators detected Defendant's illegal download on May 8, 2011 at 6:24:31 AM (UTC)." (R1, p. 6, # 23). Plaintiff filed its Complaint in October 7, 2012. (R1). Thereafter, Plaintiff subpoenaed Movant's personal information and records from Comcast regarding Movant's internet service subscription. Movant was notified of the subpoena by Comcast in a letter dated January 22, 2013.

However, the Plaintiff has not been able to allege any specific acts which link the Movant to any agreement to engage in concerted tortuous action or to knowingly infringe upon the Plaintiff's rights. The Plaintiff can only show that the Movant is a subscriber to Comcast internet service, not that the Movant actually engaged in any tortuous activity.

## ARGUMENT

### A. Standing.

The Movant has standing to bring this motion because it is his personal information that will be disclosed by Plaintiff's subpoena to Comcast Legal Response Center, Comcast, NE&TO 650 Centerton Rd., Moorsetown, NJ 08057. *McIntyre v. Ohio Elections Commission*, 514 US 334, 342 (1995); *Reno v. ACLU,* 521 U.S. 844, 870 (1997).

### B. Quashing the Subpoena.

Despite the allegations of damages and specific allegations regarding Defendant Ciccone, the Plaintiff has not been able to allege any specific acts which link the Movant to any agreement to engage with Defendant Ciccone, or any of the other John Does, in concerted tortuous action or

to knowingly infringe upon the Plaintiff's rights. The Plaintiff can only show that the Movant is a subscriber to Comcast internet service, not that the Movant himself actually knowingly engaged in any tortuous activity.

Further, the Plaintiff states in its Complaint that

"After downloading a **piece**, a peer automatically becomes a source for the **piece**." (R1, p. 4, #11). [emphasis added]

"In essence, although hundreds of users may be uploading the copyrighted work, a single user will receive only the exact **parts** of a singular upload through that exact swarm, not a compilation of available **pieces** from various uploads." (R1, p. 9, #46). [emphasis added]

"As each of the thousands of people who illegally downloaded the movie accessed this illegal publication, they derived **portions** of their illegal replication of the file from multiple persons, including, but not limited to, Defendant." (R1, p. 9, #49). [emphasis added]

The Plaintiff cannot show what size the portion or piece was that can be associated with Movant's IP address. If the portion was small enough, it could constitute "fair use," 17 USC 107, and it could also indicate that the portion was not viewed because it was unknowingly uploaded, downloaded, or shared. The Plaintiff cannot link Movant with Defendant Ciccone or the other John Does with regard to time, place, or exactly what pieces or portions may have been shared and when. The "Plaintiff's investigators detected Defendant's illegal download on May 8, 2011 at 6:24:31 AM (UTC)." (R1, p. 6, # 23). The Movant's IP address is allegedly associated with concerted infringing activity on 2012-10-29, 08:20:52 according to a list of IP addresses submitted with Plaintiff's subpoena to Comcast, which is 5 months after Defendant Ciccone's activity and 22 days after filing the Complaint. (R1). The Plaintiff cannot show that Movant's activity, if any, constituted knowing tortuous infringement of a copyright.

**C. Undue Burden.**

Federal Rule of Civil Procedure 45(c) Protecting a Person Subject to a Subpoena provides,

(1) A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

* * *

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

* * *

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(iv).

A court "may, for good cause, issue an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Likewise, under Rule 45(c), "the issuing court must quash or modify a subpoena that...subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The commentary to Rule 45 states that this subsection "is a catch-all category that enables the court to grant the motion to quash or modify in any other situation in which it finds, sui generis, what it believes to be an 'undue burden' imposed by the subpoena." Commentary C45–22 to Fed. R. Civ. P. 45(c)(3)(A)(iv). According to the Advisory Committee that provision was intended to track the protections of Fed. R. Civ. P. 26(c), which deals with protective orders.

"Undue burden" is not further defined by the rules, but generally a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it. *American Elec. Power Co., Inc. v. United States*,

191 F.R.D. 132, 136 (S.D. Ohio 1999)(stating that the competing factors include "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed" and that "**the status of a person as a non-party is a factor that weighs against disclosure**" (internal quotation marks and citations omitted))[emphasis added]. Non-party status is also relevant in determining whether the burden should be considered undue or excessive. See, e.g., *N.C. Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.D.C. 2005). However, a nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be allowed. See *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y. 1996); see also *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C.Cir. 1995). And, the burden of demonstrating relevance is on the party seeking discovery. *American Elec. Power*, 191 F.R.D. at 136.

Here, as alleged in the Motion to Quash (R 12, 1/07/13) filed by the attorney for IP address 96.27.48.90, the Plaintiff and Defendant have already entered into a confidential settlement agreement, which means that there are no relevant grounds for discovering the Movant's private information. (R12,  p. 4). The undue burdens to the Movant of abuse of litigation and financial expense (already incurred by retaining counsel for this motion), as well as the intended embarrassment and harm to reputation relied on by this "copyright trolling" litigious process are not balanced by Plaintiff's request for private information that is not even marginally relevant and based upon a nebulous connection between the identification of an internet subscriber and a potential infringer engaged in concerted tortuous actions. It would be a burden which "would exceed the benefit of production of the material sought by it." *Northwestern Memorial Hospital v Ashcroft*, 362 F3d 923, 927 (7th Cir. 2004).

The IP address identifies a location and not user responsible for any alleged tortuous actions. Knowing the Movant's private information will not give the Plaintiff any additional information or facts that would support adding him/her as a defendant in this case or a separate cause of action. The information would simply give the Plaintiff a means to threaten and harass the Movant—as evidenced by the Plaintiff's methods in litigating this matter, which is modeled upon similar prior cases. *In re Bittorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist LEXIS 61447 (EDNY 5/1/2012); *Digital Sin, Inc v Does 1-176*, 2012 WL 263491 (SDNY 1/30/2012); *SBO Pictures, Inc v Does 1-3036*, 2011 WL 600620 (ND Cal 11/30/2011); *VPR Int'l v Does 1-1017*, 2011 U.S. Dist. LEXIS 64656 (CD Ill 4/29/2011); *Patrick Collins v. John Does, 1-12*, Case No. 11-cv-15231-GCS E.D. Mich. Opinion and Order to Show Cause Dated 04/02/12 (attached as Exhibit A).

**1. Good Cause for a Protective Order.**

Fed.R.Civ.P. 26(c) provides that for good cause shown, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court may specify the terms of production, limit disclosure, require that documents be filed under seal, or take any other action that effectuates the purposes of Rule 26(c). The decision to grant a protective order is entrusted to the Court's discretion. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir.2004).

Based upon the Movant's arguments above regarding the lack of relevance and connection of facts in the Plaintiff's Complaint to Movant's actions and infringement, as well as the obvious harassment and embarrassment relied upon by the Plaintiff, if this Honorable Court

decides to deny this motion to quash and allow discovery of Movant's personal information, then Movant alternatively moves for a protective order.

Such a protective order should (1) limit disclosure and publication only to the parties (and their necessary employees, officers, experts, agents, and officers) in this Action; (2) require that any documents with Movant's (IP 71.227.32.150) personal information or labeled as "confidential" be filed under seal if they are necessary to be filed with this Court, or any other court; (3) require parties and other authorized persons who receive documents with Movant's personal information or labeled as "confidential" to return or destroy them upon the conclusion of this Action; and (4) requires that a party who receives the confidential documents to notify counsel for Movant IP 71.227.32.150 of any subpoena for such documents.

**D. Severance – Misjonder as a reason to Quash the Subpoena.**

The remedy for improper joinder is severance under Rule 21 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 21. "[I]t is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Call of the Wild Movie v. Does 1-1,062*, 770 F. Supp. 2d 332, 342 (D.D.C. 2011) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1996)).

In a similar copyright trolling case involving the joinder of hundreds of John Doe defendants, the Northern District of California held that

> [E]ven if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses "acted in concert" with all of the others. In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the 51 addresses in this case.

[E]ven though they may be separated by many miles and have nothing in common other than the use of BitTorrent, each defendant must serve each other with all pleadings–a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition –creating a thoroughly unmanageable situation. The courtroom proceedings would, in effect, require a mini-trial. These burdens completely defeat any supposed benefit from the joinder of all Does in this case[.]

*Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163-1164 (N.D. Cal. 2011).

Honorable George Caram Steeh recently ruled on multiple John Doe motions to quash

subpoenas in a case on all points with this case, (*Patrick Collins v. John Does 1-23*, E.D. Mich.

Case No. 11-cv-15231, *Order Granting Motion to Quash in Part and Severing Doe Defendant's

2-23*, R8 3/26/2012)(attached as Exhibit A). A part of Hon. Steeh's Order granting the motion to

quash the subpoenas is quoted here as persuasive authority:

Based on a review of the complaint, motions and briefing filed in the instant action, and the decisions analyzing whether joinder of unnamed Doe defendants utilizing BitTorrent technology in one action is permitted under Rule 20(a), the court concludes that simply alleging the use of BitTorrent technology, like earlier P2P file sharing protocols, does not comport with the requirements under Rule 20(a) for permissive joinder. Here, the alleged activity involves 23 different defendants, 4 different ISPs, and nearly three months of activity (7/15/2011 through 10/11/2011). This is insufficient to establish that the Doe defendants were involved in the same transaction or series of transactions. (Exhibit A, pp. 6-7)

In the instant matter, the allegations reveal that each of the computers using the IP addresses. . .connected to the investigative server in order to download a piece of the Work. . . . Each of the IP addresses connected to the investigative server at different times and dates to download a piece of the Work and there is no allegation that any of the computers associated with the IP addresses downloaded or uploaded pieces of the Work with each other. That plaintiff has provided evidence that each of the defendants connected to the investigative server to download a piece of the Work does not show that each of the IP addresses acted in concert with all the nearly three month time span covering this activity suggests the likely possibility that there was never common activity linking the 23 addresses in this matter. *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011). (Exhibit A, p. 7).

Here, as in *Patrick Collins v. John Does 1-23*, E.D. Mich. Case No. 11-cv-15231, *supra*,

the simple allegation that the Movant had used BitTorrent P2P file sharing is insufficient to show that the Movant was involved in the same transactions or series of transactions with Defendant Ciccone or the other John Does. In both cases the alleged infringement occurs over a significant period of time—3 months in *Patrick Collins v. John Does 1-23, supra* and 5 months, allegedly, in this case. The Movant's IP address is allegedly associated with concerted infringing activity on 2012-10-29, 08:20:52 according to a list of IP addresses submitted with Plaintiff's subpoena to Comcast, which is 5 months after Defendant Ciccone's activity and 22 days after filing the Complaint. (R1).

Further, there is no specific allegation in the complaint that shows any of the John does downloaded or uploaded pieces of the work with each other. And, showing that each IP address downloaded a piece of the work does not show action in concert.

The Movant has been improperly joined and the subpoena should be quashed for that reason.


## RELIEF REQUESTED

WHEREFORE, Movant IP 71.227.32.150, moves this Court to intervene for an Order quashing the subpoena to Comcast Legal Response Center, Comcast, NE&TO 650 Centerton Rd., Moorsetown, NJ 08057 regarding the personal information of Movant IP 71.227.32.150, or in the alternative, for a protective order and granting severance.

Respectfully submitted,

By: s/Marc Lakin
MARC LAKIN (P41147)
Attorney for Intervening Party IP 71.227.32.150
283 E. Frank
Birmingham, MI 48009
(248) 723-1199

marclakin@mac.com

## **<u>CERTIFICATE OF SERVICE</u>**

I herby certify that on February 8, 2013 I electronically filed the *INTERVENING PARTY'S (IP 71.227.32.150) MOTION* and *BRIEF TO INTERVENE IN ORDER TO QUASH SUBPOENA OR ALTERNATIVELY FOR ISSUANCE OF A PROTECTIVE ORDER AND SEVERANCE,* and *EXHIBIT A* with the Clerk of the Court using the ECF system, which will send notification of such filing to the parties of record.

By: s/Marc Lakin
MARC LAKIN (P41147)
Attorney for Intervening Party IP 71.227.32.150
283 E. Frank
Birmingham, MI 48009
(248) 723-1199
marclakin@mac.com