## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| AF HOLDINGS LLC, | / | |
| | / | |
| Plaintiff, | / | |
| v. | / | Case No. 12-cv-14442 |
| | / | |
| MATTHEW CICCONE, | / | Honorable Gershwin A. Drain |
| | / | |
| Defendant, | / | |
| | / | |

JONATHAN W. TAPPAN (P72195)          BERNARD J. FUHS (P69621)
Jonathan W. Tappan, PLLC             Butzel Long, A Professional Corporation
2549 Somerset Blvd. #102            150 West Jefferson, Ste. 100
Troy, MI 48084                      Detroit, MI 48226
Phone: (415) 325-5900               Phone: (313) 225-7044
Email: tappanj@comcast.net          Email: fuhs@butzel.com
Attorney for Plaintiff              Attorneys for Defendant

### PLAINTIFF'S RESPONSE TO MOVANT'S OBJECTION TO SUBPOENA

An anonymous individual ("Movant") claiming to be associated with IP address 75.133.85.211 filed, through attorney Alexander E. Kuhne, an objection to Plaintiff's subpoena. (ECF No. 47.) Movant argues that Plaintiff's subpoena "is overly broad and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 1.) Movant further argues that Plaintiff's subpoena "subject [Movant] to undue burden and expense." (*Id.* at 2.) Movant also argues that the information sought in the subpoena is "irrelevant to the case as filed against Defendant." (*Id.*) Finally, Movant argues that the subpoena "requires the disclosure of privileged or other protected information." (*Id.*) For the reasons set forth below, Movant's objection should be denied.

### ARGUMENT

This brief consists of three parts. Part I argues that the information sought in Plaintiff's subpoena is essential to its claim against the Defendant. Part II argues that Movant cannot

credibly claim that the subpoena issued to his Internet Service Provider subjects him to an undue burden. Part III argues that Plaintiff's subpoena does not seek privileged or other protected information.

## I.  THE INFORMATION SOUGHT IN PLAINTIFF'S SUBPOENA IS ESSENTIAL TO ITS CLAIM AGAINST THE DEFENDANT

Movant makes two separate, but related arguments. (ECF No. 47.) First, Movant argues that Plaintiff's subpoena "is overly broad and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 1.) Second, Movant argues that the information sought in the subpoena is "irrelevant to the case as filed against Defendant." (*Id.* at 2.) Plaintiff's subpoena will lead to the discovery of admissible evidence that is highly relevant to its case against Defendant. Plaintiff seeks to hold "Defendant jointly and severally liable to Plaintiff in the full amount of the Judgment" for both its contributory infringement and civil conspiracy claims. (ECF No. 1 at 12.) Plaintiff seeks to identify Defendant's joint tortfeasors as they possess information, either through testimony or through the digital information contained on their computers, which Plaintiff needs in order to prove its claims against Defendant. (ECF No. 10 at 6) ("To prove its claim, Plaintiff must map the flow of data from Defendant to other swarm participants. Unless this Court is prepared to rule as a matter of law that mere coexistence in a BitTorrent swarm constitutes contributory infringement with respect to all other swarm participants, Plaintiff needs information that goes to the interconnections among the swarm members."). The information sought in its subpoenas, therefore, is essential to its claims against the Defendant.

## II.   MOVANT CANNOT CREDIBLY CLAIM THAT THE SUBPOENA ISSUED TO HIS INTERNET SERVICE PROVIDER SUBJECTS HIM TO AN UNDUE BURDEN

Movant claims that the subpoena should be quashed because the subpoena subjects him to an undue burden and expense. (ECF No. 47 at 2.) Movant, however, is not the recipient of Plaintiff's subpoena. Movant faces no obligation to produce any information under the subpoena issued to his nonparty Internet Service Provider ("ISP") and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at \*3 (D.D.C. May 12, 2011); *see also Worldwide Film Entm't, LLC v. Does 1– 749*, No. 10-0038, 2010 WL 19611962, at \*2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"); *Hard Drive Productions, Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19 ("being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed."). Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with the subpoenaed ISPs, and not with Movant. *See First Time Videos, LLC v. Does*

3

*1–500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 358-359 (D.D.C. 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment"). The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### III. PLAINTIFF'S SUBPOENA DOES NOT SEEK PRIVILEGED OR OTHER PROTECTED INFORMATION

Movant's final argument is that Plaintiff's subpoena "requires the disclosure of privileged or other protected information." (*Id.*) Movant has made no showing that the information possessed by his ISP is privileged or protected in anyways. (*See generally id.*) Indeed, Movant cannot cloak his identity in privacy arguments when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that

4

computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's claim of copyright infringement against Defendant, the Court should deny Movant's objection.

## CONCLUSION

The Court should deny Movant's objection. The information sought in Plaintiff's subpoena is essential to its claim against the Defendant. Movant cannot credibly claim that the subpoena issued to his Internet Service Provider subjects him to an undue burden. Plaintiff's subpoena does not seek privileged or other protected information.


Respectfully Submitted,

Dated:  February 12, 2013


/s/ Jonathan W. Tappan
JONATHAN W. TAPPAN (P72195)
Jonathan W. Tappan, PLLC
2549 Somerset Blvd. #102
Troy, MI 48084
Phone: (415) 325-5900
Email: tappanj@comcast.net
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 12, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Jonathan W. Tappan