## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AF HOLDINGS LLC,
    PLAINTIFF

V.

MATTHEW CICCONE,
    DEFENDANT

**Civil Action No. 12-cv-14442**
**HONORABLE GERSHWIN A. DRAIN**

JONATHAN W. TAPPAN (P-72195)
Attorney For Plaintiff
2549 Somerset Blvd. #102
Troy, MI 48084
(415) 325-5900

JOHN T. HERMANN (P-52858)
Attorney For Intervening Party
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

BERNARD J. FUHS (P-69621)
Attorney For Defendant
150 West Jefferson
Suite 200
Detroit, MI 48226
(313) 225-7044

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

### MOTION TO INTERVENE
### IN ORDER TO QUASH SUBPOENA OR ALTERNATIVELY
### FOR ISSUANCE OF A PROTECTIVE ORDER AND SEVERANCE

Now comes this Movant, identified by IP address 97.92.47.116, represented by

Counsel, and moves this Court to intervene pursuant to Fed. R. Civ. P. 24(a) and (b) for

the purpose of requesting an Order to quash a subpoena pursuant to the provisions of

Fed. R. Civ. P. 45(c), which was served upon this Movant's Internet Service Provider,

Charter Communications, Inc. (hereinafter "Charter"), or, in the alternative, for a

protective order, for the reasons stated in the accompanying "Brief In Support Of

Motion To Intervene In Order To Quash Subpoena Or Alternatively For Issuance Of A

Protective Order And Severance."

1. This Movant (identified as the "Filing Party" in the Objection, and hereinafter simply referred to as "Movant"), previously filed an "Objection To 'Order Granting Stipulated Joint Motion To Expedite Discovery [#11]'" (hereinafter "Objection").

2. Thereafter, Plaintiff filed "Plaintiff's Response To Movant's Objection To Court's Order."

3. As noted in this Movant's Objection, Movant received a letter dated January 10, 2013 from Charter Communications, Inc. ("hereinafter "Charter"). A copy of that letter was attached to the Objection as **Exhibit "A"** and is incorporated by reference herein.

4. Movant did not actually receive the Charter letter, notice of this lawsuit, and/or notice regarding disclosure of information, until insufficient time was remaining to afford proper due process to address these issues.

5. The letter informed Movant that Charter was compelled by court order and subpoena to disclose certain information relating to Movant. (A copy of the subpoena and Order were attached to the Objection as **Exhibits "B" and "C,"** respectively, and are incorporated by reference herein).

6. Specifically, the letter indicated that records revealed an IP address listed on an exhibit to the subpoena was assigned to Movant's Account at the given date and time. It further notified that, if there was going to be an objection to this disclosure of information, Movant must do so formally in this Court by January 25, 2013, 4:00 P.M. CT. The Objection was thus filed.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

2

7.  Movant has standing to challenge the subpoena.

8.  The subpoena should be quashed because the Plaintiff failed to allege any facts showing that Movant committed any of the acts in its Complaint.

9.  The subpoena should be quashed because Plaintiff has not provided a sufficient basis or legitimate purpose for obtaining Movant's private information.

10. There has been no showing that it is reasonably likely that disclosure to Plaintiff of the subpoenaed information will be of any evidentiary or investigative value to the Plaintiff.

11. The subpoena should be quashed, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), because disclosing this Movant's personal information to the Plaintiff will subject Movant to abusive litigation requiring substantial time and money, and causing unfair embarrassment.

12. This Movant has been improperly joined to this action and should be severed pursuant to Fed. R. Civ. P. 21.

**WHEREFORE**, Movant moves this Court to intervene for an Order quashing the subpoena to Charter regarding the personal information of Movant herein, or, in the alternative, for a protective order and granting severance.

Respectfully submitted,

Dated:  February 13, 2013

/s/ Shaun P. Willis
Shaun P. Willis  (P62441)
Willis Law
Attorney For Movant Herein
491 W. South Street
Kalamazoo, MI  49007
Phone: (269) 492-1040
spwillis@willislawyers.com

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**AF HOLDINGS LLC,**
**PLAINTIFF**

V.

**MATTHEW CICCONE,**
**DEFENDANT**

Civil Action No. 12-cv-14442
HONORABLE GERSHWIN A. DRAIN

---

JONATHAN W. TAPPAN (P-72195)
Attorney For Plaintiff
2549 Somerset Blvd. #102
Troy, MI 48084
(415) 325-5900

BERNARD J. FUHS (P-69621)
Attorney For Defendant
150 West Jefferson
Suite 200
Detroit, MI 48226
(313) 225-7044

JOHN T. HERMANN (P-52858)
Attorney For Intervening Party
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291

---


ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

## BRIEF IN SUPPORT OF "MOTION TO INTERVENE IN ORDER TO QUASH SUBPOENA OR ALTERNATIVELY FOR ISSUANCE OF A PROTECTIVE ORDER AND SEVERANCE"

### FACTS

Movant, apparently identified by IP address 97.92.47.116, relies upon and incorporates by reference the arguments and facts in the "Brief In Support Of Motion To Intervene In Order To Quash Subpoena Or Alternatively For A Protective Order (R 12)" filed by the attorney for IP address 96.27.48.90.

The Plaintiff apparently alleges individuals (identified by IP addresses) agreed to engage in a concerted tortuous action with named Defendant Ciccone. Specifically,

Plaintiff appears to allege such individuals conspired to infringe upon Plaintiff's rights to its copyrighted movie, "Sex Obsession," by contributory infringement. *See* Intervening Party's [IP 71.227.32.150] Brief in Support, pp. 3-4 of 12.

Plaintiff subsequently subpoenaed this Movant's personal information and records from Charter regarding this Movant's internet service subscription and other personal information. This Movant only recently became aware of the subpoena by way of a letter dated January 10, 2013 from Charter. However, Movant did not receive that letter (or notice of this lawsuit and/or the subpoena) until insufficient time remained to respond properly.

At most, Plaintiff is only able to establish that Movant had an IP address with Charter. However, Plaintiff has not alleged and cannot prove any facts specifically linking Movant to this lawsuit which would require disclosure of this Movant's personal information.

## LAW AND ARGUMENT

### A. <u>Standing.</u>

This Movant has standing to bring this motion because it is this Movant's personal information that will be disclosed by Plaintiff's subpoena to Charter. *See* Fed. R. Civ. P. 45(c)(2)(B). *See also Halawani v. Wolfenbarger*, 2008 U.S. Dist. LEXIS 100482, *3, a copy of which is attached hereto as **Exhibit "A"** (noting that a party can have standing to quash a subpoena based on claims of privilege, personal interest, or a proprietary interest relating to the documents being sought).

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

2

## B. Quashing the Subpoena.

Despite the allegations of damages and specific allegations regarding Defendant Ciccone, the Plaintiff has not alleged specific facts linking this Movant herein to any agreement to engage with Defendant Ciccone in concerted tortuous action or any knowing infringement upon Plaintiff's rights. Again, Plaintiff is merely able to establish this Movant has an IP address with Charter. There is no evidence establishing the size/portion of any download apparently attributed to this Movant herein (and, as noted within Intervening Party's [with IP 71.227.32.150] Brief in Support of its motion to quash, if the portion was small enough, it could constitute fair use. *See* Intervening Party's Brief In Support, p. 5 of 12; *See also* 17USC 107. Simply put, Plaintiff has not alleged any facts to establish time, place, or amounts of "shared" information.

## C. Undue Burden.

Federal Rule of Civil Procedure 45(c) Protecting a Person Subject to a Subpoena, provides:

> **(1) Avoiding Undue Burden or Expense; Sanction.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.
>
> **...(3) Quashing or Modifying a Subpoena. (A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply...(iii) requires disclosure of privileged or other protected matter, if no exception or waiver or applies; or (iv) subjects a person to undue burden.

Additionally, Federal Rule of Civil Procedure 26(c)(1) provides:

> ...The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...



**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

3

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. *See American Elec. Power Co., Inc., v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).  Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and **the status of a person as a non-party is a factor that weighs against disclosure**. *Id.* (Emphasis added).  Demonstrating relevance is the burden of the party seeking discovery. *Id.*

Here, as alleged in Intervening Party's [with IP 71.227.32.150] Brief in Support of that intervening party's motion to quash, the Plaintiff and Defendant have already entered into a confidential settlement agreement, which means that there are no relevant grounds for discovering this Movant's private information.  (p. 7 of 12).  The undue burden to this Movant of abuse of litigation and financial expense (already incurred in retaining counsel for the Objection and this Motion and Brief), as well as the intended embarrassment and harm to reputation resulting from this litigation, are not balanced by Plaintiff's request for private information that is not relevant, especially for an action which has already been settled.

Furthermore, an IP address identifies a location and not the user responsible for any use.  Knowing this Movant's private information will not give the Plaintiff any additional information or facts which would support the filing of any separate cause of action against this Movant.  Rather, it provides Plaintiff with nothing more than a means

**Willis Law**
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

4

to threaten this Movant – apparently a method frequently used by Plaintiff (see the prior cases cited by Intervening Party's Brief in Support referenced herein [p.8 of 12]).

## 1.  <u>Good Cause For A Protective Order.</u>

Federal Rule of Civil Procedure 26(c) provides for good cause shown, a court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Remedies include specifying the terms of production, limiting disclosure, requiring that documents be filed under seal, or taking any other action that effectuates the purposes of Rule 26(c).

Based upon the arguments noted by this Movant (and those of the several other individuals Plaintiff unnecessarily seeks information from), if this Court denies this Movant's motion to quash, this Movant alternatively argues for a protective order.

In granting a protective order herein, the order should (1) limit disclosure and publication only to the parties (and their necessary employees, officers, experts, agents, and officers) to this action; (2) require that any documents with this Movant's personal information or labeled as "confidential" be filed under seal if they are necessary to be filed with this Court, or any other court; (3) require parties and other authorized persons who receive documents with this Movant's personal information or labeled as "confidential" to return or destroy them upon the conclusion of this Action; and (4) require that a party who receives the confidential documentation to notify counsel for this Movant of any subpoena for such documents.

**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

5

## D. <u>Severance.</u>

Federal Rule of Civil Procedure 21 (**Misjoinder And Nonjoinder Of Parties**), provides that:

> Misjoinder of parties is not ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

As noted in *Patrick Collins, Inc. v. John Does 1-23*, 2012 U.S. Dist., LEXIS 40536, *9-10 (a copy of which is attached hereto as **Exhibit "B"**):

> Based on a review of the complaint, motions and briefing filed in the instant action, and the decisions analyzing whether joinder of unnamed Doe defendants utilizing BitTorrent technology in one action is permitted under *Rule 20(a)*, the court concludes that simply alleging the use of BitTorrent technology, like earlier P2P file sharing protocols, does not comport with the requirements under *Rule 20(a)* for permissive joinder. Here, the alleged activity involves 23 different defendants, 4 different ISPs, and nearly three months of activity (7/15/2011 through 10/11/2011). This is insufficient to establish that the Doe defendants were involved in the same transaction or series of transactions.

Thus, the court ultimately granted the motion to quash in part and to sever. *Id.* at *19.

Here, Plaintiff's allegations are insufficient to show this Movant was involved in the same transactions or series of transactions with Defendant Ciccone or any other John Doe. Furthermore, there appears to be no allegation that this Movant, in conjunction with any other John Doe, downloaded or uploaded pieces of work with anyone else. Showing an IP address downloaded a piece of work does not show action in concert.

Accordingly, this Movant has been improperly joined and the subpoena should be quashed.



**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

6

## CONCLUSION

WHEREFORE, this Movant respectfully requests this Court to intervene for an Order quashing the subpoena to Charter regarding personal information of this Movant, or, in the alternative, for a protective order and granting severance.

Respectfully submitted,

Dated: February 13, 2013   /s/ Shaun P. Willis
            Shaun P. Willis  (P62441)
            Willis Law
            Attorney For Movant Herein
            491 W. South Street
            Kalamazoo, MI  49007
            Phone: (269) 492-1040
            spwillis@willislawyers.com



**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2013, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Shaun P. Willis



**Willis Law**
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007

OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WWPLC.COM

8