UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AF HOLDINGS LLC,                /
                                /
         Plaintiff,             /
     v.                         /     Case No. 12-cv-14442
                                /
MATTHEW CICCONE,                /     Honorable Gershwin A. Drain
                                /
         Defendant,             /
_____/

JONATHAN W. TAPPAN (P72195)           BERNARD J. FUHS (P69621)
Jonathan W. Tappan, PLLC              Butzel Long, A Professional Corporation
2549 Somerset Blvd. #102              150 West Jefferson, Ste. 100
Troy, MI 48084                        Detroit, MI 48226
Phone: (415) 325-5900                 Phone: (313) 225-7044
Email: tappanj@comcast.net            Email: fuhs@butzel.com
Attorney for Plaintiff                Attorneys for Defendant

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO INTERVENE TO QUASH SUBPOENA AND FOR ISSUANCE OF A PROTECTIVE ORDER AND SEVERANCE**

An anonymous individual ("Movant") claiming to be associated with IP address 97.92.47.116 filed, through attorney Shaun P. Willis, a motion to intervene to quash Plaintiff's subpoena, for the issuance of a protective order, and to sever. (ECF No. 76.) Movant's first argument is that he has standing to challenge the subpoena. (*Id.* at 5.) Movant's second argument is that "Plaintiff has not alleged specific facts linking this Movant herein to any agreement to engage with Defendant Ciccone in concerted tortuous action or any knowing infringement upon Plaintiff's rights." (*Id.* at 6.) Movant's next argument is that Plaintiff's subpoena subjects him to an undue burden. (*Id.* at 6-8.) Movant further argues that he is entitled to a protective order. (*Id.* at 8.) Finally, Movant argues that the he has been improperly joined to this action and should be severed. (*Id.* at 9.) For the reasons set forth below, Movant's motion should be denied.

1

**ARGUMENT**

Movant states that he "relies upon and incorporates by reference the arguments and facts in" Docket Number 12. (ECF No. 76 at 4.) Plaintiff hereby references and incorporates the arguments made in its response to Docket Number 12 as if fully set forth herein. (ECF No. 29.)

This brief consists of five parts. Part I argues that Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises. Part II argues that Plaintiff does not need to establish Movant's liability to discovery relevant information. Part III argues that Movant cannot credibly claim that his Internet Service Provider's compliance with the subpoena would cause him an undue burden. Part IV argues that Movant is not entitled to a protective order. Part V argues that Movant's misjoinder arguments are premature.

### I. MOVANT LACKS STANDING TO MOVE TO QUASH PLAINTIFF'S SUBPOENA BASED ON THE ARGUMENTS HE RAISES

Movant does have standing to move to quash Plaintiff's subpoena, but only on very specific grounds. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege or personal right of privacy. *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062 (N.D. Ill. June 14, 2012), ECF No. 28 at *7 ("Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests."); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except

2

as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's order of November 28, 2012 (ECF No. 11) were issued to nonparty Internet Service Providers ("ISPs"). And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 76.) Movant is correct that he has standing to move to quash Plaintiff's subpoenas, but he must raise arguments he actually has standing to raise. Movant failed to do so and, as a result, his arguments should be denied.

### II.  PLAINTIFF DOES NOT NEED TO ESTABLISH MOVANT'S LIABILITY TO DISCOVER RELEVANT INFORMATION

Movant argues that "[d]espite the allegations of damages and specific allegations regarding Defendant Ciccone, the Plaintiff has not alleged any specific facts linking this Movant herein to any agreement to engage with Defendant Ciccone . . . ." (ECF No. 76 at 6.) Plaintiff is not required to establish Movant's liability prior to obtaining the information sought in its subpoena. The Federal Rules permit the parties to obtain discovery regarding any matter that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-352 (1978).

The information sought in Plaintiff's subpoenas is "reasonably calculated to lead to the discovery of admissible evidence" because Plaintiff needs the information to establish liability and damages for its claims alleged in the complaint. (ECF No. 1.) Plaintiff seeks to hold "Defendant jointly and severally liable to Plaintiff in the full amount of the Judgment" for both its contributory infringement and civil conspiracy claims. (*Id.* at 12.) Plaintiff seeks to identify Defendant's joint tortfeasors as they possess information, either through testimony or through the digital information contained on their computers, Plaintiff needs in order to prove its claims against Defendant. (ECF No. 10 at 6) ("To prove its claim, Plaintiff must map the flow of data from Defendant to other swarm participants. Unless this Court is prepared to rule as a matter of

law that mere coexistence in a BitTorrent swarm constitutes contributory infringement with respect to all other swarm participants, Plaintiff needs information that goes to the interconnections among the swarm members."). Even if Movant is not the individual that participated in the conspiracy with Defendant, he will be able to direct Plaintiff to the correct individual and/or his computer(s) will contain essential forensic information relevant to this matter. Determining the identity of Movant, therefore, is "reasonably calculated to lead to the discovery of admissible evidence."

### III. MOVANT CANNOT CREDIBLY CLAIM THAT HIS ISP'S COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HIM

Movant claims that the subpoena should be quashed because it subjects him to an undue burden. (ECF No. 76 at 6-8.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Because Movant is not the recipient of Plaintiff's subpoena, he faces no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011); *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). Movant's undue burden argument should be rejected as similar arguments have been rejected in other courts. *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) ("The subpoenas served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden . . . ."); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011) ("[G]iven that the subpoenas were issued to the Does'

4

ISPs, rather than to the Does themselves, any potential burden would be shouldered by the ISPs."); *MGCIP* [sic] *v. Does 1–316*, No. 10-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (finding that because Plaintiff "issued the subpoenas to internet service providers," the moving putative defendants "cannot maintain that the subpoenas create an undue burden on them").

### IV.  MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant argues that he has good cause for the issuance of a protective order. (ECF No. 76 at 8.) This argument fails for two reasons. First, Movant lacks standing to move for a protective order. The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case. (ECF No. 1) Nor is Movant a person from whom discovery is sought. Plaintiff sought (ECF No. 10), and was granted (ECF No. 11), discovery from ISPs. All subpoenas issued pursuant to the Court's order of November 28, 2012 (*id.*) were issued to nonparty ISPs. Movant, therefore, lacks standing to move for a protective order.

Second, Movant is not entitled to a protective order. Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movant is not subject to Plaintiff's subpoenas and, thus, do not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26,

2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

## V. MOVANT'S MISJOINDER ARGUMENTS ARE PREMATURE

Finally, Movant argues that he has been improperly joined in this action and should be severed from it. (ECF No. 76 at 9.) Movant, however, is not a party to this action. (ECF No. 1.) He faces no liability regarding Plaintiff's claims against the Defendant. (*Id.*) As a result, he has *not* been joined as a defendant in this action. There is a single Defendant in this case and it is axiomatic to say that a single defendant cannot be misjoined with himself. The case cited by Movant in support of his misjoinder argument involves multiple defendants. (ECF No. 76 at 9.) Because that is not the case here, these cases do not provide authority for the relief Movant seeks. If Plaintiff were to amend it complaint and name Movant as a defendant, then Movant's misjoinder arguments would be relevant. Until that time, however, Movant's misjoinder arguments are premature.

Further, the quashing of a subpoena is not a remedy for misjoinder. As Movant himself explains, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." (ECF No. 76 at 9) (quoting Fed. R. Civ. P. 21). The basis for quashing a subpoena is set forth is Rule 45. *See* Fed. R. Civ. P. 45(c)(3). Misjoinder is not a basis to quash a subpoena under Rule 45. *Id.* Movant's request, therefore, should be denied.

## CONCLUSION

The Court should deny Movant's motion. Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises. Plaintiff does not need to establish Movant's liability to discovery relevant information. Movant cannot credibly claim that his

6

Internet Service Provider's compliance with the subpoena would cause him an undue burden. Movant is not entitled to a protective order. Movant's misjoinder arguments are premature.

                                       Respectfully Submitted,

Dated:  February 26, 2013

                                       /s/ Jonathan W. Tappan
                                       JONATHAN W. TAPPAN (P72195)
                                       Jonathan W. Tappan, PLLC
                                       2549 Somerset Blvd. #102
                                       Troy, MI 48084
                                       Phone: (415) 325-5900
                                       Email: tappanj@comcast.net
                                       Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 26, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Jonathan W. Tappan